IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FARIDA SAMAROU,<br><br>                    Plaintiff,<br>v.<br><br>WAL-MART STORES, INC.,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S RULE 41 MOTION TO DISMISS FOR FAILURE TO PROSECUTE<br><br>Case No. 2:23-cv-335-TS-CMR<br><br>Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

This matter comes before the Court on Defendant Wal-Mart Stores, Inc.'s Motion to Dismiss for Failure to Prosecute.[1] For the reasons discussed below, the Court will grant the Motion and dismiss the case.

Plaintiff filed this Complaint on May 24, 2023. Thereafter, on January 29, 2024, her counsel moved to withdraw.[2] The Court granted the Motion and ordered Plaintiff to file a Notice of Appearance or Substitution of Counsel by February 23, 2024, and warned that if she did not do so, she would be subject to sanctions pursuant to Fed. R. Civ. P. 16(f)(1), including but not limited to dismissal.[3] Plaintiff failed to do so, after which Defendant filed this Motion to Dismiss on March 25, 2024.[4] Thereafter, Plaintiff did not file a response.

Federal Rule of Civil Procedure 16(f)(1)(c) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails

---

[1] Docket No. 21.

[2] Docket No. 19.

[3] Docket No. 20.

[4] Docket No. 21.

to obey a . . . pretrial order." Rule 37(b)(2)(A), referenced in Rule 16(f)(1)(c), provides for sanctions including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[5]

When determining the proper sanction, a court must consider a number of factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[6]

"[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[7] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."[8] Furthermore, the *Ehrenhaus* factors listed above are not "a rigid test; rather, they represent

---

[5] FED. R. CIV. P. 37(b)(2)(A)(ii)-(vii).

[6] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks and citations omitted).

[7] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Hancock v. City of Okla. City*, 857 F.3d 1394, 1396 (10th Cir. 1988)).

[8] *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988) abrogated on other grounds by *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760 (10th Cir. 2016)).

2

criteria for the district court to consider [before] imposing dismissal as a sanction."[9] The Court considers each factor below.

1. *Degree of actual prejudice to Plaintiff.*

The Court finds that Defendant Wal-Mart has been prejudiced by Plaintiff's failure to appear through counsel and properly participate in this action. Prejudice may be inferred from delay, uncertainty, and rising attorney's fees.[10] The unwillingness of Plaintiff to engage in this action has interfered with the parties' ability to obtain resolution in this matter and caused uncertainty for Defendant. Therefore, this factor weighs in favor of dismissal.

2. *Amount of interference with the judicial process.*

The Court finds that Plaintiff's actions have interfered with the judicial process, effectively halting the ability to proceed with this action. Not only has Plaintiff failed to appoint counsel, it has failed to respond to this Motion in any way. This clearly suggests that Plaintiff has no intention to participate any further in this matter. This factor, therefore, also weighs in favor of dismissal.

---

[9] *Id.*; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always remain a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

[10] *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (finding substantial prejudice when defendant "sparked months of litigation" and "wasted eight months of litigation"); *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (upholding district court's finding that "delay would prolong for the defendants the substantial uncertainty faced by all parties pending litigation") (internal quotation marks omitted).

3. *Litigant's culpability.*

Plaintiff's culpability is evident in its failure to respond to the Court despite being warned that failure to have counsel appear could result in sanctions. The Tenth Circuit has articulated that while dismissal and default judgment are "drastic sanction[s], [they are] appropriate in cases of willful misconduct."[11] It has further defined a "'willful failure' to mean 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.'"[12] As noted above, Plaintiff failed to obey this Court's order requiring her to either obtain counsel or enter a notice of appearance. Plaintiff also failed to respond to the instant Motion. The Court finds that these are intentional failures. This factor weighs in favor of dismissal.

4. *Whether Court warned noncomplying litigant that dismissal or default judgment was likely sanction.*

The Court has warned Plaintiff that its failure to obtain counsel or file a notice of appearance could result in dismissal or default judgment. This factor weighs in favor of dismissal.

5. *Efficacy of lesser sanctions.*

The Court finds that any lesser sanctions would be inadequate. Plaintiff has failed to respond or participate in this litigation in any way since its counsel was permitted to withdraw, and there is no indication that it intends to do so. This factor, again, weighs in favor of dismissal. Considering all the factors above, the Court finds that dismissal is appropriate.

---

[11] *Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 407 (10th Cir. 2002) (citing *Ehrenhaus*, 965 F.2d at 920).

[12] *Id.* (quoting *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir. 1987).

It is therefore

ORDERED that Defendant's Rule 41 Motion to Dismiss for Failure to Prosecute (Docket No. 21) is GRANTED.

DATED May 28, 2024.

BY THE COURT:

_____
TED STEWART
United States District Judge